IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RYAN D. ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 11-CV-0850-MJR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DIRECTING GOVERNMENT TO RESPOND
TO SECTION 2255 PETITION

REAGAN, District Judge:

In March 2010, Ryan Anderson was indicted on narcotics charges, violations of 21 U.S.C. §§ 841(a) and (b), in Criminal Case No. 10-CR-30055-MJR. Anderson pled guilty in June 2010. He was sentenced by the undersigned Judge, with judgment entered October 8, 2010. Anderson did not appeal his conviction or sentence.

In August 2011, Anderson filed a motion requesting modification of his sentence (Doc. 31), which the Court construed as a motion under 18 U.S.C. § 3582 for retroactive application of the Sentencing Guidelines to a crack cocaine offense. On August 22, 2011, Anderson responded that the Court had misconstrued and mischaracterized his § 2255 motion as a motion under 3582(c). On August 24, 2011, the Court advised Anderson of the ramifications of filing a § 2255 petition, specifically, that his first § 2255 motion must contain all the § 2255 claims that he believed he had and that

any subsequent § 2255 motion would be subject to the restrictions on "second or successive" motions. The Court provided Anderson with the standard § 2255 form that he requested.

On September 21, 2011, Anderson filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. 2255. Section 2255 allows a prisoner in custody via sentence imposed by a federal court to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence exceeded the maximum authorized by law. A one-year statute of limitation applies to § 2255 petitions. The one-year running from the latest of four dates: (1) the date on which the judgment of conviction became final, (2) the date on which the impediment to filing a petition was removed, if the impediment was caused by "governmental action," (3) the date on which the Supreme Court newly recognized a right and made it retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim presented by the petition could have been discovered through the exercise of due diligence.

Rule 4 of the **Rules Governing Section 2255 Proceedings for the United States District Courts** directs the Judge who receives the motion to promptly examine it; if it plainly appears from the motion, any exhibits, and the record of prior proceedings that the moving party is not

entitled to relief, the judge must dismiss the motion. Otherwise, the District Court must order the United States Attorney to file an answer or response within a fixed time. Rule 8 of the **Rules Governing Section 2255 Proceedings** explains that if the motion is not dismissed, then depending on the issues raised and briefs filed, the Judge must determine whether an evidentiary hearing is warranted. If the Judge determines that an evidentiary hearing is needed, he must appoint counsel to represent at the evidentiary hearing any petitioner who qualifies under 18 U.S.C. 3006A .

In the case at bar, Petitioner Anderson asserts that the Court exceeded its authority in imposing sentence after the Fair Sentencing Act of 2010 was enacted and that counsel rendered ineffective assistance in failing to raise this issue and failing to explain it to him.

The Court hereby **DIRECTS** the United States to respond to Anderson's § 2255 petition by **September 17, 2012**. The United States shall address, *inter alia*, whether Anderson's plea agreement contained a waiver of the right to seek relief under § 2255. Anderson may file a reply brief (no longer than 5 pages) by **October 3, 2012**. If review of the briefs indicates that an evidentiary hearing *is* warranted, the Court immediately will set the hearing by separate notice and, if Anderson qualifies under 18 U.S.C. 3006A, appoint counsel to represent him at the hearing.

IT IS SO ORDERED.

DATED August 6, 2012.

s/Michael J. Reagan
Michael J. Reagan
United States District Judge

Case 3:11-cv-00850-MJR   Document 5   Filed 08/06/12   Page 4 of 4   Page ID #45